**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES EUGENE PIERCE, | ) | Case No. 4:24-CV-00570-JPC |
| | ) | |
| Petitioner, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL |
| | ) | ARMSTRONG |
| WARDEN NORM ROBINSON, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

## I.    INTRODUCTION

Petitioner, James Eugene Pierce ("Mr. Pierce"), seeks a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). Mr. Pierce was sentenced to a term of ten years to life after pleading guilty to two counts of rape and one count of disseminating matter harmful to juveniles.

Mr. Pierce asserts two grounds for relief. Respondent, Warden Norm Robinson ("Warden"), filed an answer/return of writ on July 3, 2024. (ECF No. 7). Mr. Pierce filed a traverse on September 13, 2024. (ECF No. 10). This matter was referred to me on March 27, 2024 under Local Rule 72.2 to prepare a report and recommendation on Mr. Pierce's petition. (*See* ECF non-document entry dated March 27, 2024). For the reasons set forth below, I recommend that Mr. Pierce's petition be DISMISSED and/or DENIED. I further recommend that the Court not grant Mr. Pierce a certificate of appealability.

## II.    RELEVANT FACTUAL BACKGROUND

For purposes of habeas corpus review of state court decisions, a state court's findings of fact are presumed correct and can be contravened only if the habeas petitioner shows, by

1

clear and convincing evidence, that the state court's factual findings are erroneous. 28 U.S.C.

§ 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d

524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by

a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. The Ohio

Court of Appeals for the Eleventh Appellate District summarized the facts as follows:

> Appellant pleaded guilty to two counts of rape (F1), in violation of R.C.
> 2907.02(A)(1)(b)&(B), and one count of disseminating matter harmful to
> juveniles (F4), in violation of R.C. 2907.31(A)(1)&(F). He was sentenced to an
> aggregate prison term of life with the possibility of parole after ten years and
> classified as a Tier III Sex Offender / Child Victim Offender. The direct appeal
> from appellant's conviction was dismissed as untimely. *State v. Pierce*, 11th Dist.
> Trumbull No. 2021-T-0005, 2021-Ohio-1019.

(ECF No. 7-1, Exhibit 23, ¶ 2); *State v. Pierce*, No. 2022-T-0011, 2022 WL 16919818,

2022-Ohio-4048 (11th Dist. Nov. 14, 2022).

## III.  PROCEDURAL HISTORY

### A.  <u>State Court Guilty Plea</u>

On April 29, 2020, Mr. Pierce was indicted in the Trumbull County Court of Common

Pleas on: (1) two first-degree felony counts of rape, with factual findings that the victim was

less than ten years of age and that Mr. Pierce compelled the victim to submit by force or threat

of force, in violation of O.R.C. §§ 2907.02(A)(1)(b)&(B), 2971.03(B)(1)(b), and

2971.03(B)(1)(c); and (2) one fourth-degree felony count of disseminating matter harmful to

juveniles in violation of O.R.C. §§ 2907.31(A)(1)&(F). (ECF No. 7-1, Exhibit 1). On April

30, 2020, Mr. Pierce pled not guilty to the charges. (ECF No. 7-1, Exhibit 2).

On September 28, 2020, Mr. Pierce filed a motion to suppress statements he made to

the police on April 21, 2020, arguing that he did not make a knowing and intelligent waiver

of his Fifth Amendment rights under *Miranda v. Arizona*, 348 U.S. 436 (1966). (ECF No. 7-

1, Exhibit 3). On October 22, 2020, the trial denied Mr. Pierce's motion to suppress. (ECF

No. 7-1, Exhibit 6).

On October 23, 2020, Mr. Pierce withdrew his plea of not guilty and pled guilty to all charges. (ECF No. 7-1, Exhibit 8). In light of the COVID-19 pandemic, the plea hearing was held by remote videoconference. (ECF No. 7-2). The transcript of the hearing indicates that Mr. Pierce attended while sitting outside. (ECF No. 7-2, PageID # 310). Mr. Pierce also asserts that he was wearing a face covering and sunglasses during the hearing. On January 12, 2021, the trial court sentenced Mr. Pierce to an aggregate term of ten years to life. (ECF No. 7-1, Exhibit 9).

### B.  Direct Appeal

On February 12, 2021, Mr. Pierce, through new appellate counsel, filed a notice of appeal to the Eleventh Appellate District. (ECF No. 7-1, Exhibit 10). On March 29, 2021, the Eleventh Appellate District dismissed the appeal because it was untimely by one day. (ECF No. 7-1, Exhibit 11). The court noted that Mr. Pierce could file a motion for leave to file an untimely appeal under Ohio Appellate Rule 5(A). *Id*. at ¶ 6. Mr. Pierce did not file a motion for leave to file a delayed appeal and did not file a notice of appeal to the Ohio Supreme Court.

### C.  Motion to Withdraw Guilty Plea

On February 12, 2021, Mr. Pierce, through counsel, filed a motion in the trial court to withdraw his guilty plea pursuant to Ohio Criminal Rule 32.1, arguing that his plea was not knowing and voluntary because he was under extremely psychological distress and the influence of prescription medication at the time of his plea. (ECF No. 7-1, Exhibit 14). Mr. Pierce also requested that the trial court hold an evidentiary hearing on his motion.

On January 5, 2022, the trial court denied Mr. Pierce's motion without a hearing. (ECF No. 7-1, Exhibit 17). On January 18, 2022, Mr. Pierce filed a motion requesting that the court

issue findings of fact and conclusions of law explaining the basis of the denial. (ECF No. 7-1, Exhibit 18). On February 2, 2022, the trial court denied Mr. Pierce's motion. (ECF No. 7-1, Exhibit 19).

On February 7, 2022, Mr. Pierce, through counsel, timely filed a notice of appeal to the Eleventh Appellate District. (ECF No. 7-1, Exhibit 20). On May 18, 2022, Mr. Pierce filed his appellate brief, raising the following assignments of error:

1. The Trial Court did not accept Guilty pleas that were knowingly, intelligently, and voluntarily given by Defendant-Appellant due to his psychological and physical condition at the time of the Plea Hearing.

2. The Trial Court failed to conduct a Hearing on the post-Sentencing Motion to Withdraw Guilty Pleas, depriving Appellant of his Constitutional rights to due process of law.

3. The Trial Court failed to issue Findings of Fact and Conclusions of Law, depriving Appellant of his Constitutional rights to due process of law in both the Trial and Appellate Courts.

(ECF No. 7-1, Exhibit 21).

On November 14, 2022, the Eleventh Appellate District affirmed the trial court's denial of Mr. Pierce's motion to withdraw his guilty plea. (ECF No. 7-1, Exhibit 23). On December 29, 2022, Mr. Pierce, through counsel, filed a notice of appeal to the Ohio Supreme Court. (ECF No. 7-1, Exhibit 24). In his memorandum in support of jurisdiction, Mr. Pierce raised the following propositions of law:

1. The Trial Court did not accept Guilty pleas that were knowingly, intelligently, and voluntarily given by Appellant due to his psychological and physical condition at the time of the Plea Hearing.

2. The Trial Court failed to conduct a Hearing on the post-Sentencing Motion to Withdraw Guilty Pleas, depriving Appellant of his Constitutional rights to due process of law.

3. The Trial Court failed to issue Findings of Fact and Conclusions of Law, depriving Appellant of his Constitutional rights to due process of law in both the Trial and Appellate Courts.

4

(ECF No. 7-1, Exhibit 25). On March 14, 2023, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (ECF No. 7-1, Exhibit 27).

### D. Federal Habeas Action

On March 27, 2024, Mr. Pierce, through counsel, filed his 28 U.S.C. § 2254 habeas petition. (ECF No. 1). Mr. Pierce's habeas petition raises the following grounds for relief:

1.  Mr. Pierce's due process was violated. Mr. Pierce was not mentally competent to enter a guilty plea. Mr. Pierce was not physically present in the Courtroom when the plea was taken. Because of COVID restrictions the plea was taken by Zoom. At the time of the plea Mr. Pierce was outdoors and wearing a mask and sunglasses. It was not possible for the judge to take the plea to observe Mr. Pierce sufficiently to determine if he was capable to knowingly and competently enter a guilty plea. Under the circumstances described above, it was manifestly unjust not to hold a hearing on Mr. Pierce's request to withdraw his guilty plea. Failure to hold a hearing on Mr. Pierce's motion to withdraw his guilty plea violated his constitutional due process rights. Attached to the motion to withdraw the guilty plea was an affidavit stating that Mr. Pierce was under the influence of narcotics.

2.  Ineffective assistance of counsel.

*Id*. The Warden filed an answer/return of writ on July 3, 2024. (ECF No. 7). Mr. Pierce filed his traverse on September 13, 2024. (ECF No. 10).

## IV. STANDARDS OF REVIEW AND GOVERNING LAW

### A. Jurisdiction

28 U.S.C. § 2254(a) authorizes this court to entertain an application for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him[.]" 28 U.S.C. § 2241(d). The Trumbull County Court of Common Pleas sentenced Mr. Pierce, and the Court takes judicial notice that Trumbull County is within this Court's geographic jurisdiction. Accordingly, this

Court has jurisdiction over Mr. Pierce's § 2254 petition.

### B. **Exhaustion and Procedural Default**

Under AEDPA, state prisoners must exhaust all possible state remedies, or have no remaining state remedies, before a federal court can review a petition for a writ of habeas corpus on the merits. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In other words, "the highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The exhaustion requirement, however, "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). It "does not require pursuit of a state remedy where such a pursuit is clearly futile." *Wiley v. Sowders*, 647 F.2d 642, 647 (6th Cir. 1981).

Procedural default is a related but "distinct" concept from exhaustion. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). It occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle*, 456 U.S. at 125 n.28; *Williams*, 460 F.3d at 806. In determining whether there has been a procedural default, the federal court looks to the last explained state-court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000). A claim is fairly presented when it has been asserted as a federal constitutional issue at every

stage of the state court review process. *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 285 (6th Cir. 2010); *Williams*, 460 F.3d at 806.

**C.  Cognizable Federal Claim**

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Glaze v. Morgan,* No. 1:19-CV-02974, 2022 WL 467980, at *4 (N.D. Ohio Jan. 18, 2022) (quoting *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991)). Thus, "errors in application of state law . . . are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.").

A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quotation omitted). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).

**D.  AEDPA Standard of Review**

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), provides in relevant part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant

to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(*Id.*)

To determine whether relief should be granted, the Court must use the "look-through" methodology and look to the "last explained state-court judgment" on the petitioner's federal claim. *Ylst*, 501 U.S. at 804 ("The essence of unexplained orders is that they say nothing. We think that a presumption which gives them no effect—which simply 'looks through' them to the last reasoned decision—most nearly reflects the role they are ordinarily intended to play."); *Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75

(2003). "The unreasonable application clause requires the state court decision to be more than incorrect or erroneous"—it must be "objectively unreasonable." *Id.*

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). A state court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's . . . determination." *Rice v. Collins*, 546 U.S. 333, 341-42 (2006). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing 28 U.S.C. § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet . . . because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA, § 2254(d) is meant only to stop short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id.* at 103. "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents" and "goes no further." *Id.* Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification

that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

## V. ANALYSIS

### A.  Ground One: Failure to Hold Hearing on Motion to Withdraw Plea

In his first ground for relief, Mr. Pierce asserts that the trial court violated his due process rights because it failed to hold an evidentiary hearing on his motion to withdraw his guilty plea. Mr. Pierce argues that a hearing on his motion to withdraw his plea was required because his original plea hearing was "sufficiently unique" in that it was held remotely in light of the COVID-19 pandemic. (ECF No. 10, PageID # 340). Mr. Pierce also argues that, because the plea hearing was held via remote videoconference and he was wearing a face covering and sunglasses, the trial judge was unable to observe to observe that Mr. Pierce was "distraught and medicated." *Id.* at PageID # 343. The Warden responds that Mr. Pierce's claim raises only questions of state law and is not cognizable in a federal habeas proceeding. I agree.

"[T]here is no federal constitutional right to withdraw a guilty plea . . . [or] to an evidentiary hearing on a motion to withdraw a guilty plea." *Hill v. Jackson*, No. 3:19-cv-1196, 2020 WL 6809117, at *15 (N.D. Ohio Oct. 15, 2020) (quoting *Nicholson v. Larose*, No. 1:13CV2535, 2015 WL 1757898, at *15 (N.D. Ohio Apr. 17, 2015)), *report and recommendation adopted*, 2020 WL 6802130 (N.D. Ohio Nov. 19, 2020); *see also Moorer v. Warden, Marrion Corr. Facility*, No. 1:11CV1079, 2012 WL 3579645, at *4 (N.D. Ohio July 23, 2012) ("A criminal defendant has no constitutional right to an evidentiary hearing on a motion to withdraw a guilty plea."), *report and recommendation adopted*, 2012 WL 3579612 (N.D. Ohio Aug. 17, 2012).

Because there is no constitutional right to a hearing on a motion to withdraw a guilty

plea, courts in this district have consistently held that claims like Mr. Pierce's raise purely state law challenges and are not cognizable. *See Nicholson*, 2015 WL 1757898 at *15 ("to the extent Nicholson claims he is entitled to relief because the trial court erred under Ohio law in denying his motion to withdraw guilty plea without a hearing, Nicholson raises a state law issue that is not cognizable in these federal habeas proceedings"); *Armstrong v. Wainwright*, No. 1:18CV1133, 2018 WL 8050904, at *14 (N.D. Ohio Dec. 20, 2018) (claim that trial court violated petitioner's due process rights in failing to hold evidentiary hearing was not cognizable because "a defendant's right to an evidentiary hearing on a motion to withdraw guilty plea is an issue of state law; there is no constitutional right to a hearing on a motion to withdraw a guilty plea"), *report and recommendation adopted*, 2019 WL 1670995 (N.D. Ohio Apr. 17, 2019); *Ruffin v. Lazaroff*, No. 5:15CV2718, 2016 WL 7974123, at *11 (N.D. Ohio Nov. 1, 2016) ("to the extent Ruffin claims he is entitled to relief because the trial court erred under Ohio law in denying his motion to withdraw guilty plea without a hearing, Ruffin raises a state law issue that is not cognizable in these federal habeas proceedings"), *report and recommendation adopted*, 2017 WL 347381 (N.D. Ohio Jan. 24, 2017).

It is true that "state court rulings on issues of state law may rise to the level of due process violations if they 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Hill*, 2020 WL 6809117 at *15 (quoting *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000)). However, Mr. Pierce has not demonstrated that the trial court's denial of his motion without an evidentiary hearing offended a fundamental principle of justice in the circumstances presented here.

Mr. Pierce cites several Sixth Circuit cases, including *Osborne v. Thompson*, 610 F.2d 461 (6th Cir. 1979), and *Williams v. Bordenkircher*, 696 F.2d 464 (6th Cir. 1983), for the

proposition that a trial court's failure to hold a hearing on a motion to withdraw a plea can implicate constitutional due process concerns. Those cases dealt with a defendant's competency, and it is not clear that either case applies here. Regardless, "clearly established" law under AEDPA is limited to the holdings of Supreme Court cases and does not include decisions from the Sixth Circuit. *See Otte*, 654 F.3d at 599; *Hill v. Hofbauer*, 337 F.3d 706, 716 (6th Cir. 2003) (holding that "only Supreme Court case law is relevant under the AEDPA in examining what Federal law is 'clearly established,'" and that Sixth Circuit decisions are informative solely to the extent that they discuss whether a legal principle has been clearly established by the Supreme Court). Mr. Pierce's argument that he was entitled to an evidentiary hearing thus does not raise a cognizable due process claim.

The broader question of whether a defendant's plea was knowing and voluntary *can* raise federal constitutional concerns. *See Brady v. United States*, 397 U.S. 742, 748 (1970). In his traverse, however, Mr. Pierce expressly disavows any broader argument, stating that his claim "explicitly confines the issue before this Honorable Court to the state court judge's failure to hold an evidentiary hearing before denying petitioner's motion to withdraw his guilty plea." (ECF No. 10, PageID # 347). Because that issue is not cognizable, I recommend that the Court dismiss Mr. Pierce's first ground for relief.

**B.  <u>Ground Two: Ineffective Assistance of Counsel</u>**

In his second ground for relief, Mr. Pierce asserts that he received the ineffective assistance of trial counsel in connection with his plea. The Warden responds that Mr. Pierce failed to exhaust this claim. I agree, but I nonetheless recommend that the Court deny Mr. Pierce's second ground for relief on the merits notwithstanding his failure to exhaust. Alternatively, I recommend that the Court give Mr. Pierce an opportunity to amend his petition to omit his second ground for relief, and that the Court dismiss Mr. Pierce's petition

without prejudice for failure to exhaust if he fails to do so.

As noted above, a petitioner must exhaust all possible state remedies before a federal court can review a petitioner's claims on the merits. *See* 28 U.S.C. § 2254(b) and (c); *Lundy*, 455 U.S. at 510. Mr. Pierce did not raise an ineffective assistance of counsel claim either in his direct appeal to the Eleventh Appellate District or in his appeal from the trial court's denial of his motion to withdraw his guilty plea. Mr. Pierce thus never fairly presented his ineffective assistance claim to the Ohio courts and has not exhausted the claim. *See O'Sullivan*, 526 U.S. at 845.

It is true that the exhaustion requirement "refers only to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n.28. As the Warden correctly notes, however, there remains a potential avenue for Mr. Pierce to raise his ineffective assistance of counsel claim in state court. Specifically, Ohio Rule of Appellate Procedure 5(A) provides that "[a]fter the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases . . . (a) Criminal proceedings." Ohio App.R. 5(A)(1)(a). Nothing in the record suggests that Mr. Pierce has pursued a motion for a delayed appeal under Rule 5(A), and Mr. Pierce does not argue that Ohio law prevents him from doing so at this time.

It is well-settled that a petitioner has not exhausted a claim where the petitioner can still pursue a motion for a delayed appeal under Appellate Rule 5(A), even if it is unlikely that the Ohio appellate court would grant the motion. *See El v. Miller*, No. 1:11CV2342, 2012 WL 3067365, at *6 (N.D. Ohio June 29, 2012) (holding that motion for delayed appeal to appellate court was available remedy such that petitioner's claims were not exhausted until

petitioner pursued motion, even if it was "debatable" whether court of appeals would grant motion), *report and recommendation adopted*, 2012 WL 3067363 (N.D. Ohio July 27, 2012); *Brown v. Gray*, No. 4:20-cv-01726, 2021 WL 4348265, at *2 (N.D. Ohio Sept. 24, 2021) (holding that claim was not exhausted where delayed appeal to Ohio appellate court remained available); *Taper v. Luneke*, No. 1:24-cv-602, 2024 WL 5056487, at *4 (S.D. Ohio Dec. 10, 2024) (same), *report and recommendation adopted*, 2024 WL 5237677 (S.D. Ohio Dec. 27, 2024). Mr. Pierce has not exhausted his second ground for relief.

Mr. Pierce's failure to exhaust his ineffective assistance of counsel claim does not necessarily preclude the Court from addressing the claim on the merits. Rather, § 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *see also Harris v. Lafler*, 553 F.3d 1028, 1032 (6th Cir. 2009) (holding that a court may "ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit") (emphasis omitted). Notwithstanding Mr. Pierce's failure to exhaust, I recommend that the Court deny his claim rather than requiring him to exhaust the claim in state court because Mr. Pierce's claim is plainly without merit.

A petitioner claiming ineffective assistance of counsel must show that: (1) counsel's representation "fell below an objective standard of reasonableness," such that he was not performing as counsel guaranteed under the Sixth Amendment; and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Under the first prong, the petitioner must overcome the "strong[] presum[ption that counsel] rendered adequate assistance and made all significant decisions in the exercise of reasonable

14

professional judgment." *Id*. at 690. For prejudice, the petitioner must show that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The *Strickland* standard is "extremely deferential" because "'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Kelly v. Lazaroff*, 846 F.3d 819, 829 (6th Cir. 2017) (quoting *Strickland*, 466 U.S. at 690). "[T]he goal is not to ensure that a criminal defendant be afforded perfect counsel, but rather 'to ensure that the adversarial testing process works to produce a just result under the standards governing decision." *Id*. (quoting *Strickland*, 466 U.S. at 687).

*Strickland* applies at the guilty plea stage. Indeed, the Supreme Court has held that, "[b]efore deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of competent counsel.'" *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). To prevail on a *Strickland* claim in the guilty plea context, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "In the Sixth Circuit, a petitioner 'cannot make that showing merely by telling [the court] now that she would have gone to trial then if she had gotten different advice.'" *Shimel v. Warren*, 838 F.3d 685, 698 (6th Cir. 2016) (quoting *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012)). Rather, the petitioner must demonstrate that "a decision to reject the plea bargain would have been rational under the circumstances." *Pilla*, 668 F.3d at 373 (quoting *Padilla*, 559 U.S. at 372). The test is an objective one, made "without regard for the idiosyncrasies of the particular decisionmaker." *Lockhart*, 472 U.S.

at 59-60 (quotations omitted).

Mr. Pierce asserts that his trial counsel was ineffective because trial counsel permitted the "clearly unconstitutional taking of Mr. Pierce's guilty plea" to proceed. (ECF No. 1, PageID # 7). However, Mr. Pierce has not cited any clearly established Supreme Court law for the proposition that a defendant has a federal constitutional right to an in-person plea hearing. Moreover, the Eleventh Appellate District held that the plea hearing did not violate Ohio law (ECF No. 7-1, Exhibit 23, ¶ 12), and I must defer to a state court's interpretation of its own law. *See Estelle*, 502 U.S. at 67-68. As the Eleventh Appellate District also noted, Mr. Pierce, through counsel, consented to proceeding with the plea hearing via remote videoconference in light of the COVID-19 pandemic. (ECF No. 7-2, PageID # 309). Mr. Pierce's statements during the plea hearing also belie his arguments that his counsel was ineffective or should not have permitted the plea hearing to go forward. Mr. Pierce informed the trial court that he was satisfied with his counsel's performance, stating that his counsel had been "wonderful." *Id*. at PageID # 313. He also expressly denied taking any drugs or suffering from mental illness. *Id*. at PageID # 311.

Mr. Pierce also argues that his trial counsel was ineffective because counsel failed to show him an "accusatory video" that would have "allowed him to understand the gravity of the allegations by his granddaughter." (ECF No. 1, PageID # 7). Mr. Pierce does not explain what the "accusatory video" is or why his counsel should have shown it to him. He also has not explained why viewing the video would have created a reasonable probability that he would have rejected the plea and proceeded to trial. Finally, Mr. Pierce has not demonstrated that it would have been objectively rational for him to proceed to trial under the circumstances. As a result, Mr. Pierce's ineffective assistance of trial counsel claim fails on

16

the merits, and I recommend that the Court deny his second ground for relief notwithstanding his failure to exhaust the claim in state court.

Alternatively, I recommend that the Court give Mr. Pierce an opportunity to amend his petition to omit his second ground for relief, and that the Court dismiss Mr. Pierce's petition if he fails to do so. Because Mr. Pierce exhausted his first ground for relief but not his second, his habeas petition is a "mixed" petition. *Rhines v. Weber*, 544 U.S. 269, 271 (2005). When faced with a mixed petition, a court must generally dismiss the entire petition without prejudice. *Lundy*, 455 U.S. at 510. In *Rhines*, however, the Court held that a district court may also stay the action for good cause and permit the petitioner to present the unexhausted claim in state court. *Rhines*, 544 U.S. at 277. But "[s]tay and abeyance, if employed too frequently, has the potential to undermine" AEDPA's goals of finality and streamlining federal habeas proceedings. *Id*. at 277. Accordingly, the *Rhines* Court held that stay and abeyance "should be available only in limited circumstances" where: (1) the petitioner has good cause for the failure to exhaust; (2) the petitioner's claims are not "plainly meritless"; and (3) the petitioner is not engaged in abusive litigation tactics or intentional delay. *Id*. at 277-78.

Mr. Pierce has not shown that stay and abeyance is warranted here. He has not presented any good cause for his failure to exhaust his ineffective assistance of trial counsel claim. Nor, as above, has he shown that his claim is more than plainly meritless. As a result, I do not recommend that the Court stay Mr. Pierce's petition and hold it in abeyance while he pursues a motion for a delayed appeal.

"[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to

17

delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278. In his traverse, Mr. Pierce states that he is willing to delete his ineffective assistance of counsel claim if the Court permits. (ECF No. 10, PageID # 348 n. 1). Accordingly, I alternatively recommend that the Court give Mr. Pierce 14 days to file an amended petition omitting Ground Two. If he fails to do so, I recommend that the Court dismiss his petition in its entirety without prejudice for failure to fully exhaust his claims.

## VI. RECOMMENDATION REGARDING CERTIFICATE OF APPEALABILITY

### A. **Legal Standard**

As amended by AEDPA, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "[a] 'substantial showing' requires the applicant to 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)). The statute requires that certificates of appealability specify which issues are appealable. 28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District

Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.*; *see also* 28 U.S.C. § 2253(c)(3) ("The certificate of appealability under [§ 2253(c)(1)] shall indicate which specific issue or issues satisfy the showing required by [§ 2253(c)(2)]."). In light of the Rule 11 requirement that the court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

### B. Analysis

Mr. Pierce has not made a substantial showing of a denial of a constitutional right for the reasons set forth above. Because jurists of reason would not find these conclusions debatable, I recommend that no certificate of appealability issue in this case.

## VII. RECOMMENDATION

For the foregoing reasons, I RECOMMEND that the Court DISMISS and/or DENY Mr. Pierce's petition for a writ of habeas corpus under 28 U.S.C. § 2254. I also recommend that the Court not grant him a certificate of appealability.

Dated:  March 10, 2025

*/s/ Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and**

**failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be

20

excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).