UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES EUGENE PIERCE, | ) | Case No. 4:24-cv-570 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| NORM ROBINSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

# OPINION AND ORDER

Petitioner James Eugene Pierce objects to the Magistrate Judge's report and recommendation that the Court deny and/or dismiss his petition for a writ of habeas corpus. For the reasons that follow, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Magistrate Judge's report and recommendation, and **DENIES AND DISMISSES** the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

This petition for writ of habeas corpus arises from Mr. Pierce's conviction in State court.

### A. Indictment and Guilty Plea

On April 9, 2020, a grand jury indicted Mr. Pierce on three counts: two first degree felony rape counts with factual findings of force and a victim under the age of ten, in violation of Sections 2907.02(A)(1)(b) and (B) of the Ohio Revised Code; and one count of disseminating matter harmful to juveniles in violation of Sections

2907.31 2907.31(A)(1) and (F). (ECF No. 7-1, PageID #62–65.) Mr. Pierce plead not guilty. (*Id.*, PageID #67.)

On September 28, 2020 Mr. Pierce moved to suppress the statements he made to the police, claiming that he did not make a knowing and intelligent waiver of his Fifth Amendment rights and that he invoked his right to counsel, which was ignored. (*Id.*, PageID #69–75.) The State trial court held a hearing on the motion to suppress, and the court denied the motion. (*Id.*, PageID #97–109.)

At a hearing in October 2020, Mr. Pierce withdrew his plea of not guilty and pled guilty to all charges. (*Id.*, PageID #113–19.) Because of procedures implemented during the Covid-19 pandemic, the change of plea hearing was held virtually by videoconference, to which Mr. Pierce consented. (ECF 7-2, PageID # 309.) Mr. Pierce attended the virtual conference while sitting outside. (*Id.*, PageID #309–10.) He claims that he was wearing a mask and sunglasses during these proceedings. (ECF No. 1, PageID #3.) During the hearing, Mr. Pierce stated on the record that he was not under the influence of drugs or alcohol and was not suffering from any mental illness. (ECF No. 7-2, PageID #311.) The State trial court found that Mr. Pierce made a knowing, intelligent, and voluntary decision to change his plea to guilty. (*Id.*, PageID # 322-23.)

On January 12, 2021, Mr. Pierce was sentenced to an aggregate term of ten years to life in prison. (ECF No. 7-1, PageID #121–23.)

    **B.**    **Direct Appeal**

On February 12, 2021, Mr. Pierce filed a notice of appeal. (*Id.*, PageID #125–26.) The State appellate court dismissed the appeal because it was filed one

2

day late. (*Id.*, PageID #131.) In dismissing the appeal, the State appellate court explained that Mr. Pierce still had the opportunity to file a motion for leave to file an untimely appeal under Rule 5(A) of the Ohio Rules of Appellate Procedure. (*Id.*, PageID #132.) He did not do so. Nor did he seek to appeal to the Ohio Supreme Court.

### C. Motion to Withdraw Guilty Plea

Instead, on February 12, 2021, Mr. Pierce moved in the State trial court to withdraw his guilty plea. (ECF No. 7-1, PageID #139.) He argued his guilty plea was not knowing and voluntary due to extreme psychological distress from the accusations as well as the being under the influence of prescription medication at the time of his change of plea. (*Id.*) Mr. Pierce requested that the State trial court hold an evidentiary hearing on the motion. (*Id.*)

On January 5, 2022, the State trial court denied Mr. Pierce's motion without a hearing. (*Id.*, PageID #182.) Shortly after, Mr. Pierce filed a motion requesting the court to issue the findings of fact and conclusions of law that explained the court's denial. (*Id.*, PageID #184.) The State trial court denied that motion too. (*Id.*, PageID #190–91.) Through counsel, Mr. Pierce appealed. (*Id.*, PageID #193.)

He raised three assignments of error: (1) Mr. Pierce's guilty pleas were not knowing, intelligent, and voluntary due to his psychological and physical condition at the time of the change of plea hearing; (2) the State trial Court failed to conduct a hearing on the post-sentencing motion to withdraw the guilty pleas depriving him of due process; and (3) the State trial court failed to issue findings of fact and conclusions

of law explaining the denial of his motion to withdraw his pleas of guilty, in violation of due process. (*Id.*, PageID #200–16.)

On November 14, 2022, the State appellate court affirmed the State trial court's denial of Mr. Pierce's motion to withdraw his guilty plea. (*Id.*, PageID #242–48.) Mr. Pierce filed a timely notice of appeal to the Ohio Supreme Court. (*Id.*, PageID #250-52.) In doing so, Mr. Pierce raised the same three issues he did on appeal. (*Id.*, PageID #254–70.) The Ohio Supreme Court declined to accept review on March 14, 2023. (*Id.*, PageID #290.)

**D. Habeas Petition**

On March 17, 2024, Mr. Pierce petitioned for a writ of habeas corpus in federal court. He asserted two grounds for relief, one challenging his guilty pleas and the other raising ineffective assistance of counsel. (ECF No.1, PageID #5 & #7.) Regarding the former, he contends:

> Mr. Pierce's due process was violated. Mr. Pierce was not mentally competent to enter a guilty plea. Mr. Pierce was not physically present in the Courtroom when the plea was taken. Because of COVID restrictions the plea was taken by Zoom. At the time of the plea Mr. Pierce was outdoors and wearing a mask and sunglasses. It was not possible for the judge to take the plea to observe Mr. Pierce sufficiently to determine if he was capable to knowingly and competently enter a guilty plea. Under the circumstances described above, it was manifestly unjust not to hold a hearing on Mr. Pierce's request to withdraw his guilty plea. Failure to hold a hearing on Mr. Pierce's motion to withdraw his guilty plea violated his constitutional due process rights. Attached to the motion to withdraw the guilty plea was an affidavit stating that Mr. Pierce was under the influence of narcotics.

(ECF No. 1, PageID #5.)

On March 10, 2025, the Magistrate Judge issued a report and recommendation that the first claim of due process violation be dismissed because there is no

4

cognizable claim and that the second claim of ineffective assistance of counsel be dismissed on the merits notwithstanding petitioner's failure to exhaust the claim in State court. (ECF No. 11.) On March 24, 2025, Petitioner filed an objection to the Magistrate Judge's report and recommendation. (ECF No. 12.)

## STANDARD OF REVIEW

A district court judge may designate a magistrate judge to submit "proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B), of a petition for a writ of habeas corpus, which the Court does by local rule, *see* LR 72.2. When reviewing a report and recommendation, if a party objects within the allotted time, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). "Objections must be specific, not general" and should direct the Court's attention to a particular dispute. *Howard v. Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn,* 474 U.S. 140, 147 (1985).

Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Importantly, the Court's job is not to conduct a free-wheeling examination of the entire report and recommendation, but only to address any

specific objections that a party has advanced to some identified portion of it. Accordingly, it is the Court's task in this matter to review the Magistrate Judge's report and recommendation de novo, based on the specific objections the party raises.

## ANALYSIS

Where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States," he is entitled to a writ of habeas corpus. 28 U.S.C. §§ 2241(c)(3) & 2254(a). At bottom, the writ tests the fundamental fairness of the State court proceedings resulting in the deprivation of the petitioner's liberty. *See, e.g., Brown v. Allen*, 344 U.S. 443, 463 (1953); *Powell v. Collins*, 332 F.3d 376, 388 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)); *Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000).

> 28 U.S.C. § 2254(d) provides:
>
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"With the AEDPA, Congress limited the source of law for habeas relief to cases decided by the United States Supreme Court." *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000).

6

A State court adjudication is "contrary to" Supreme Court precedent under Section 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at a different result. *Williams*, 529 U.S. at 405. "Avoiding these pitfalls does not require citation of [Supreme Court] cases—indeed, it does not even require awareness of [the] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

Under Section 2254(d)(1), an unreasonable application of federal law is different than an incorrect application of federal law. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Williams*, 529 U.S. at 410). A State court adjudication involves "an unreasonable application of" Supreme Court precedent under Section 2254(d)(1) in one of two ways: (1) if the State court identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular State prisoner's case; or (2) if the State court either unreasonably extends a legal principle from the Court's precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *See Williams*, 529 U.S. at 407.

**I.      Due Process**

Petitioner objects to the report and recommendation, arguing that he presented a cognizable claim of a due process violation. (ECF No. 12, PageID #371.) Petitioner argues taht the Magistrate Judge did not construe his due process claim correctly. He frames the issue as a Confrontation Clause violation, arguing that he

7

was denied his Sixth Amendment right to confrontation because the State trial court denied him a hearing on his request to withdraw his guilty pleas. (*Id.*, PageID #372.) He argues that the Sixth Amendment mandates face-to-face confrontation, allowing decision-makers to make judgments based on the demeanor of those appearing before them. (*Id.*, PageID #373.) Because he changed his pleas virtually, while wearing a mask and sunglasses, the judge in his case was not able to make a proper judgment about his state of mind when he entered his plea.

The Sixth Amendment provides, in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . and to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. "The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact." *Maryland v. Craig*, 497 U.S. 836, 845 (1990). This clause has always been interpreted as a defendant's right to cross-examine a prosecutor's witnesses at trial. *United States v. Harrison*, 54 F.4th 884, 887 (6th Cir. 2022). To apply it to a change of plea hearing represents a novel assertion of an unrecognized constitutional right, and Petitioner offers no authority to support doing so. Accordingly, the Confrontation Clause, as Petitioner presents it, has no application here. Therefore, the Court **OVERRULES** Petitioner's first objection.

## II.     Certificate of Appealability

Petitioner objects to the Magistrate Judge's recommendation that the Court deny him a certificate of appealability. Without it, a habeas petitioner cannot appeal

8

a final order in a habeas proceeding. 28 U.S.C.S § 2253(c)(1). Issuance of a certificate of appealability requires a petitioner to make "a substantial showing of the denial of a constitutional right." 28 U.S.C.S. § 2253(c)(2). The petitioner need not show that the appeal would succeed to be eligible for a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). However, the petitioner must show that reasonable jurists could find the district court's determination of the relevant constitutional claims debatable or incorrect. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).

Petitioner has not met this standard. Petitioner argues that his novel theory of a due process Confrontation Clause violation warrants review at the appellate court. However, Petitioner's Confrontation Clause argument lacks merit because it misunderstands the purpose and scope of the clause. Jurists of reason would not find these conclusions debatable. Accordingly, Petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections (ECF No. 12), **ADOPTS** the Magistrate Judge's report and recommendation (ECF No. 11), and **DENIES AND DISMISSES** the petition. Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

**SO ORDERED.**

9

Dated: September 2, 2025

                                              J. Philip Calabrese  
                                              United States District Judge  
                                              Northern District of Ohio